IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GERALD D. WISDOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2523-CM |
| ) | |
| **CONSOLIDATED FIRE DISTRICT NO. 2** ) | |
| **NORTHEAST JOHNSON COUNTY,** ) | |
| **KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this employment discrimination action, alleging that defendant illegally discriminated against him because of his age under state and federal law. Defendant filed a Motion to Dismiss (Doc. 17), arguing that (1) plaintiff failed to exhaust his administrative remedies with respect to his state law claims; (2) plaintiff fails to state any claims under the Constitution or 42 U.S.C. § 1988; and (3) plaintiff's claims that he failed to receive promotions in August 2002, May 2004, July 2004, and February 2005 must be dismissed under the Age Discrimination in Employment Act for failure to exhaust administrative remedies and because they are time-barred. Plaintiff concedes that defendant's first and second arguments are valid, and the court grants defendant's motion to dismiss on those issues for the reasons stated in the parties' briefs.

As for the third issue, plaintiff claims that he has alleged that the ongoing acts of defendant created a hostile work environment, and that he is entitled to proceed under a continuing violation theory. But defendant's motion does not appear to challenge plaintiff's hostile work environment claim; rather, defendant's motion challenges plaintiff's individual age discrimination claims for

failure to promote on dates through February 2005.  The continuing violation theory is not available for discrimination claims based on discrete employment actions, such as failures to promote.  *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).  A litigant must file a claim with the EEOC within 300 days of each discrete discriminatory act before he may proceed in federal court.  *See Haynes v. Level 3 Commc'ns, Inc.*, 456 F.3d 1215, 1222 (10th Cir. 2006).

Plaintiff filed his charge of discrimination with the EEOC on February 2, 2006.  His individual failure to promote claims for February 2005 and earlier are discrete acts for which the continuing violation theory is not available.  *See Martinez*, 347 F.3d at 1210–11.  Because the alleged acts in August 2002, May 2004, July 2004, and February 2005 occurred before April 8, 2005—300 days before plaintiff filed his EEOC charge—individual discrimination claims based on these acts are time-barred.  *See Haynes*, 456 F.3d at 1222.  The court makes no ruling at this time with respect to plaintiff's hostile work environment claim.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 17) is granted.

Dated this 17th day of August 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**